On June 14, 1974 the court issued the following order respecting the opinion rendered in this case on February 20, 1974, ante at 592.
“This case comes before the court on defendant’s motion to amend the judgment rendered in this case on February 20, 1974. In its motion, defendant requests the court to amend its decision of February 20, 1974, by holding that the overruling of the decision in Newark Insurance Co. v. United States, 149 Ct. Cl. 170, 181 F. Supp. 246 (1960), should be given prospective application only. Alternatively, defendant requests the court to permit it to withhold from the contract retainage of $11,410, the sum of $7,108 until the contractor’s liability to the Government is resolved in the action now pending in this court, with the understanding that, if it is held that the contractor is not liable to defendant, judg *755 ment can later be entered for the surety for the $7,108 so withheld.
“Upon consideration of the motion and plaintiff’s response thereto, the court finds that when the defendant paid out the $7,108 to the assignee bank, there was no reliance on the decision in Newark Insurance Co. v. United States, 149 Ct. Cl. 170. Therefore, defendant’s motion that the overruling of the decision in that case be given prospective application only is hereby denied.
“However, in the light of the principles announced by the Supreme Court in United States v. Munsey Trust Co., 332 U.S. 234 (1947) and this court’s decisions in William, Green Construction Co. v. United States, 201 Ct. Cl. 616, 477 F.2d 930 (1973) and Dale Ingram, Inc. v. United States, 201 Ct. Cl. 56, 405 F.2d 1177 (1973), the court concludes that the defendant’s right of setoff entitles it to withhold $7,108 of the contract balance of $11,410 until its claim against the contractor in this court in that amount has been finally decided.
“it is therefore ordered that the decision and judgment of February 20, 1974, in this case is hereby amended to provide in Paragraph VI (1) that judgment is rendered in favor of the plaintiff in the sum of $11,410 instead of $18,518, without prejudice, however, to the right of the plaintiff to recover an additional $7,108 from the defendant in the event it is finally decided that the contractor is not liable to defendant; and
“it is further ordered that defendant’s motion for rehearing is granted to the extent that it is entitled to withhold $7,108 of the balance now due on the contract until the contractor’s liability to the United States therefor is finally resolved by this court. If it is finally determined that the contractor is indebted to the United States in the said sum of $7,108, the United States will be entitled to apply the retainage in satisfaction of the debt.”